IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRANDON JACKSON, <br> Cook County DOC #20230512107, <br><br> Plaintiff, <br> vs. <br><br> DAVID MITCHELL, <br> CHAPLAIN ARNOLD, <br> C. HALE, <br> TRAVIS BAYLER, <br> DeANNA KINK, <br> JON LOFUS, <br> ROB JEFFREYS, and <br> JANE & JOHN DOES (Pinckneyville C.C.), <br><br> Defendants. | Case No. 23-cv-02856-SMY |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Brandon Jackson filed this civil rights case pursuant to 42 U.S.C. § 1983 along with two fellow inmates while they all were incarcerated at Pinckneyville Correctional Center[1] (Plaintiff is now a prisoner in the Cook County Department of Corrections).[2] The Court severed Plaintiff's claims from the original case (Doc. 1).

Plaintiff, a practicing Muslim, asserts that Defendants did not permit him to participate in the observance of Ramadan in 2022, in violation of the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). He seeks injunctive, declaratory, and monetary relief (Doc. 2, pp. 13-14).

This case is now before the Court for preliminary review of the Complaint under 28 U.S.C.

---

[1] The joint lawsuit was docketed as *Jessie Williams, Brandon Jackson, and Abdul Love v. David Mitchell, et al.*, Case No. 22-cv-2340-NJR (S.D. Ill. Oct. 7, 2022).
[2] See Doc. 21 in Case No. 22-cv-2340-NJR.

1

§ 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 2): In January and February 2022, Pinckneyville officials notified Muslim inmates that the Islamic holy month of Ramadan would be celebrated from April 1 through April 30, 2022 (Doc. 2, p. 5). During Ramadan, Muslims abstain from all food and drink from sunrise to sunset and break their fast with a meal at sunset. The fast is traditionally broken with dried dates and water before making the evening Maghib prayer (Doc. 2, p. 9).

Muslim inmates were instructed to write to Defendant Chaplain Arnold to notify him of their desire to participate in the fast. Plaintiff wrote to Arnold in February 2022 requesting to be included. However, beginning on April 1, 2022, Plaintiff was precluded from participating in the Ramadan fast. He was not provided with dinner trays to break his fast and was forced to provide his own meals during the entire month of Ramadan (Doc. 2, p. 7).

During Ramadan, Muslims engage in congregational prayer and religious study (Doc. 2, p. 8). They celebrate the end of Ramadan with a feast for Eid Al Fitir. However, Defendants did not allow any congregational prayers other than the regular Friday Jummah service, and did not provide the Eid Al Fitir meal. Arnold was aware of these longstanding practices, having overseen the Ramadan observances in 2019, which included providing Muslim inmates with dates and water to break the fast, congregational prayer for the evening Maghib prayer, and an Eid Al Fitir celebration (Doc. 2, p. 12). However, in 2022, Arnold failed to provide any of these religious

accommodations. Defendants Mitchell and Jeffreys did not address any aspects of Ramadan other than the fast (Doc. 2, pp. 9-10).

Plaintiff filed grievances over these deprivations, but Defendants Hale, Arnold, Mitchell, and the Jane/John Does took no action and delayed answering the grievances until after the end of Ramadan, rendering the complaints moot (Doc. 2, pp. 10). Defendant Hale recommended denial of the grievances (Doc. 2, pp. 12-13). Defendants Bayler, Kink, Lofus (Administrative Review Board), and Jeffreys (then-IDOC Director) likewise denied Plaintiff's grievances (Doc. 2, p. 13).

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:

> Count 1: First Amendment claim against Mitchell, Arnold, Hale, Bayler, Kink, Lofus, Jeffreys, and Jane and John Doe Correctional Officers for substantially burdening Plaintiff's practice of religion by failing to provide Plaintiff with evening meals, congregational prayer (except for Friday Jummah), or the Eid Al Fitir meal during the month of Ramadan in April 2022.
>
> Count 2: RLUIPA claim against Mitchell, Arnold, Hale, Bayler, Kink, Lofus, Jeffreys, and Jane and John Doe Correctional Officers for substantially burdening Plaintiff's practice of religion by failing to provide Plaintiff with evening meals, congregational prayer (except for Friday Jummah), or the Eid Al Fitir meal during the month of Ramadan in April 2022.

Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.[3]

### **Pending Motion**

Plaintiff's Motion for Appointment of Counsel (Doc. 4) is **DENIED** without prejudice. There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*,

---

[3] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

615 F.3d 847, 851 (7th Cir. 2010). In determining whether to recruit counsel, the Court considers whether the *pro se* party has made reasonable efforts to secure counsel on his own and his ability to litigate the case on his own. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

Here, Plaintiff has not demonstrated reasonable efforts on his part to obtain counsel. Moreover, at this early stage of the litigation, it is difficult to accurately evaluate the need for assistance of counsel, so recruitment of counsel would be premature. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel...cannot be gauged.").

Should Plaintiff encounter difficulties in self-representation as this case proceeds, he may refile his motion seeking recruitment of counsel. If he renews his request, he should submit **at least three** rejection letters from attorneys to show that he has made reasonable efforts to obtain counsel on his own.

### Preliminary Dismissals

Plaintiff may not proceed against the generic group of Jane and John Does, who he identifies as "various staff members assigned to various positions at Pinckneyville Correctional Center, with various titles and responsibilities" (Doc. 2, p. 5). While a plaintiff may use the "John/Jane Doe" designation to refer to specific individuals whose names are unknown, a plaintiff runs afoul of the pleading standards in *Iqbal* and *Twombly* by merely asserting that a group of prison staff violated his constitutional rights. *See Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (the phrase "one or more of the Defendants" did not adequately connect specific defendants to illegal acts, and thus failed to adequately plead personal involvement). Instead, Plaintiff must make plausible allegations against individuals. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (a complaint must describe "more than a sheer possibility that a defendant has acted unlawfully");

4

Case 3:23-cv-02856-SMY   Document 10   Filed 04/02/24   Page 5 of 9   Page ID #71

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level."). Here, Plaintiff has not described the unknown staff members, has not stated what they allegedly did to violate his rights, and gives no indication of how many unknowns there are. As such, his claims against the Jane and John Doe defendants do not survive threshold review and will be dismissed without prejudice.

Plaintiff includes several Defendants – Hale, Bayler, Kink, Lofus, and Jeffreys – who denied his grievances over the failure to provide his religious diet. He also alleges that Hale, Arnold, Mitchell, and Jane/John Does delayed answering his grievances until after Ramadan concluded and that Defendants conspired to cover up their unconstitutional actions. Plaintiff cannot maintain an action against grievance officials for the denial of his grievances because the mishandling or denial of a grievance does not state a claim. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) (alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim"). Nor does the handling of Plaintiff's grievances state a conspiracy claim. Accordingly, all claims against Defendants for mishandling and/or denying grievances will be dismissed. Because the only claims against Hale, Bayler, Kink, and Lofus involve their handling of grievances, these Defendants will be dismissed from the action without prejudice.

Plaintiff raises claims against each defendant in his or her individual and official capacities. Claims for monetary damages may only be pursued against state officials in their individual capacities. *Brown v. Budz*, 904 F.3d 904, 918 (7th Cir. 2005); *Shockley v. Jones*, 823 F.2d 1068, 1070 (7th Cir. 1987). Accordingly, the official capacity claims against the individual defendants will be dismissed without prejudice.

5

## Discussion

### Count 1

"A prisoner is entitled to practice his religion insofar as doing so does not unduly burden the administration of the prison." *Hunafa v. Murphy*, 907 F.2d 46, 47 (7th Cir. 1990); *see Al-Alamin v. Gramley*, 926 F.2d 680, 686 and nn. 3-5 (7th Cir. 1991) (collecting cases). To state a claim under the First Amendment, a plaintiff must set forth facts demonstrating that his "right to practice [his chosen religion] was burdened in a significant way." *Kaufman v. McCaughtry*, 419 F.3d 678, 683 (7th Cir. 2005). Here, Plaintiff alleges that Defendants Arnold, Mitchell, and Jeffreys severely burdened his participation in Ramadan in 2022 because they never provided him with evening meals to break his fast, they denied him communal prayers for all days other than Fridays, and they denied him participation in the feast celebrating the end of Ramadan. Therefore, he may proceed on his claim in Count 1 against Defendants Arnold, Mitchell, and Jeffreys. All other Defendants will be dismissed from Count 1 without prejudice.

### Count 2

The Religious Land Use and Institutionalized Persons Act ("RLUIPA") prohibits prisons that receive federal funds from substantially burdening an inmate's religious practice unless prison officials demonstrate that the burden imposed on the prisoner (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest. 42 U.S.C. § 2000cc-1(a); *Schlemm v. Wall*, 784 F.3d 362, 364 (7th Cir. 2015). The RLUIPA provides only for injunctive relief; it does not authorize monetary damages. *Sossamon v. Texas*, 563 U.S. 277 (2011); *Vinning-El v. Evans*, 657 F.3d 591, 592 (7th Cir. 2011). Moreover, the RLUIPA permits relief only against governmental bodies, not against individual state employees. *Vinning-El*, 657 F.3d at 592. Consequently, Rob Jeffreys in his official capacity

as the (former) IDOC Director, would be the proper defendant for any injunctive relief that may be ordered.

Because Plaintiff is no longer a prisoner within IDOC, his request for injunctive relief has become moot. *Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004) ("when a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief, and hence the prisoner's claim, become moot"). Only if Plaintiff can show a realistic possibility that he would again be incarcerated at Pinckneyville under the conditions described in the Complaint, would it be proper for the Court to consider injunctive relief. *See Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011). Accordingly, Count 2 will be dismissed without prejudice.

## Disposition

The Complaint states a colorable claim in Count 1 against Mitchell, Arnold, and Jeffreys. Count 2 and Defendants Hale, Bayler, Kink, Lofus, and the Jane and John Does are **DISMISSED** without prejudice.

The Clerk shall prepare for David Mitchell, Chaplain Arnold, and Rob Jeffreys: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer

shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244 and Local Rule 8.2, Defendants need only respond to the issues stated in this Merit Review Order**.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 3/30/24**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

**Notice to Plaintiff**

The Court will take the necessary steps to notify the Defendants of your lawsuit and serve

them with a copy of your Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answer, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.