## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

BRANDON JACKSON )
)
    **Plaintiff,** )
)
vs. ) **Case No. 23-cv-2856-SMY**
)
RICHARD ARNOLD, DAVID )
MITCHELL, and ROB JEFFREYS )
)
    **Defendant.** )

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Brandon Jackson, currently incarcerated at the Cook County jail, filed this lawsuit under 42 U.S.C. § 1983 against Chaplain Richard Arnold, Warden David Mitchell, and Assistant Wardan Rob Jeffreys, alleging constitutional violations of his religious freedom. Now pending before the Court is Defendants' motion for summary judgment (Doc. 37). Plaintiff did not file a response.[1] For the following reasons, the motion is **GRANTED in part**.

### Factual Background

The following facts, derived from Plaintiff's deposition and Chaplain Arnold's affidavit, are undisputed unless otherwise indicated: Plaintiff Brandon Jackson, a practicing Muslim, was incarcerated at Pinckneyville Correctional Center during the events at issue (Doc. 37-1, pp. 9–10). From 2019 through 2021, he participated in Ramadan, Jumu'ah, and Taleem services without incident (*Id*. at 9, ¶¶ 7–10). Under 20 Ill. Admin. Code § 425.70, inmates must submit written

---

[1] When a party fails to respond, the Court may accept the movant's statement of facts as true. FED. R. CIV. P. 56(e)(2). Accordingly, the Court accepts Defendant's statement of facts as true in considering the instant motion for summary judgment.

requests for religious-diet accommodations 45 days before the observance begins (Doc. 37-2, pp. 1–2, ¶ 3). In prior years, Pinckneyville posted Ramadan sign-up information on housing-unit bulletin boards, and Jackson routinely complied through that process (Doc. 37-1, pp. 14–15).

In 2022, Ramadan lasted from April 1 to April 30 (Doc. 37-2, p. 2, ¶ 7). During Ramadan, practicing Muslims fast from sunrise to sunset and break the fast after sunset (Doc. 37-1, p. 11). After the observance began, Jackson learned from Chaplain Arnold that he was not on the participation list because he had missed the sign-up deadline (Doc. 37-2, pp. 2, ¶¶ 8–9). Unlike in previous years, the 2022 notice was not posted on bulletin boards but appeared only on the institutional television channel (Doc. 37-1, p. 15). Jackson was not informed the sign-up notice would be distributed through the institutional television system, nor did he receive notice from any other source (*Id.*, p. 16). As a result, Jackson was excluded from evening meals and congregational prayers.

Jackson filed grievance, observed Ramadan on his own, and broke his fast with food purchased from commissary (Doc. 37, pp. 3–4, ¶¶ 12–13, 16). In 2023, Pinckneyville automatically enrolled him for Ramadan (Doc. 37-1, p. 29, ¶¶ 8–12). Jackson seeks policy change, not financial compensation (*Id.* at pp. 38–40, 44).

### Discussion

Summary judgment is proper only if the moving party can demonstrate that there is no genuine issue as to any material fact. Fed. R. Civ. P. 56(a); *Alabama v. North Carolina*, 560 U.S. 330, 344 (2010). The moving party is entitled to summary judgment if the non-moving party "has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the evidence is merely colorable or not sufficiently probative, summary judgment may be granted. *Anderson v.*

*Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986).  Any doubt as to the existence of a genuine issue of material fact must be resolved against the moving party.  *Lawrence v. Kenosha Cnty.*, 391 F.3d 837, 841 (7th Cir. 2004).

### First Amendment

To establish a free exercise claim, Jackson "had to submit evidence from which a jury could reasonably find that the defendants personally and unjustifiably placed a substantial burden on his religious practices."  *Thompson v. Holm*, 809 F.3d 376, 379 (7th Cir. 2016) (citing *Hernandez v. C.I.R.*, 490 U.S. 680, 699 (1989)).  A substantial burden is one that "put[s] substantial pressure on an adherent to modify his behavior and to violate his beliefs."  *Thomas v. Review Bd.*, 450 U.S. 707, 718 (1981).  In the prison context, such a burden is justified if it is "reasonably related to a legitimate penological interest."  *Thompson*, 809 F.3d at 380 (citing *Turner v. Safley*, 482 U.S. 78, 89–91 (1987)).

### *Wardens David Mitchell and Rob Jeffreys*

Despite never meeting or speaking with Defendants David Mitchell and Rob Jeffreys, Jackson named them based on his belief that as wardens, they were notified of the Ramadan sign-up issue through his grievance process and were therefore "responsible in that capacity" (Doc. 37-1, pp. 22–23).  Citing Exhibit 3, bates 1, Defendants contend that Jackson's grievance "did not come before the warden[s] until after Ramadan [] to put them on notice", and that *respondeat superior* does not apply to Jackson's claims (Doc. 37, p. 9).

Exhibit 1, Jackson's deposition transcript, and Exhibit 2, Chaplain Arnold's declaration are attached to Defendants' motion; Exhibit 3 was not attached and will not be considered.  That said, an attachment to Jackson's Complaint, specifically Defendants grievance response (Doc. 2, pp. 25–27), establishes these defendants did not become aware of the incident until after the

completion of the 2022 Ramadan.  As such, they are entitled to summary judgment.  *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."); *Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010) ("individual liability under § 1983 requires 'personal involvement in the alleged constitutional deprivation'").

### *Chaplain Richard Arnold*

Chaplain Arnold argues he did not violate Jackson's First Amendment Rights by requiring him to sign up for Ramadan in accordance with the Illinois Administrative Code, which serves legitimate penological interests.  The issue, however, is whether providing the sign-up notice solely through the institutional television channel was constitutionally sufficient.

Here, the record shows that Ramadan diet sign-up information had been posted on housing-unit bulletin boards in years prior to 2022, and Jackson successfully enrolled through that method.  However, in 2022, the sign-up notice was distributed only through the institutional television channel, which Jackson did not see and asserts he was unaware of (Doc. 37-1, pp. 13–15).  This creates a material issue of fact as to whether notice distributed only via the institutional television channel, which displays information momentarily rather than continuously like a posted bulletin, comported with the First Amendment's free-exercise protection in the prison context.  *See Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005) (denying summary judgment where the record did not show the inmate was aware of the religious sign-up deadline).

Chaplain Arnold also argues that because Jackson had observed Ramadan in previous years, he should have known a deadline was approaching and inquired about the date. This argument is unpersuasive.  The record does not establish that Jackson was aware Ramadan was approaching in 2022.  Moreover, Ramadan follows a lunar calendar and its dates vary each year.

*Esterling v. Pollard*, 528 Fed.Appx. 653, 655 (7th Cir. 2013) ("Because Ramadan is based on a lunar month, each year its starting and ending dates shift in relation to the Gregorian calendar (the predominant calendar in the United States)").

Next, Chaplain Arnold argues that Jackson observed Ramadan independently and expressed no interest in financial remuneration during his deposition, thus Jackson has no case absent real damages (Doc. 37, p. 10). The Court disagrees, as Jackson's request for a policy change is construed as a request for declaratory relief. *Clayton-El v. Fisher*, 96 F.3d 236, 241 (7th Cir. 1996) ("When a state official violates the Constitution in his treatment of a state prisoner, his illegal conduct can, at least in theory, give rise to claims for monetary or declaratory relief under § 1983 . . . .").

**Qualified Immunity**

Finally, Defendants argue qualified immunity shields them from liability in this case. "Public officials performing discretionary functions are entitled to qualified immunity from civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Thomas v. Ramos*, 130 F.3d 754, 763 (7th Cir. 1997) (internal quotation marks omitted). The Supreme Court has established a two-part test to determine whether a defendant is entitled to qualified immunity. First, "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" *Saucier v. Katz*, 533 U.S. 194, 201 (2001). If so, was the law clearly established when the defendant's alleged unlawful conduct occurred? (*Id.*). The two questions may be addressed in either order. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009).

As to the first prong, the Court has found that the evidence creates material issues of facts regarding Jackson's First Amendment free exercise of religion claim. To establish the violated

right was clearly established, "a plaintiff must show either a reasonably analogous case that has both articulated the right at issue and applied it to a factual circumstance similar to the one at hand or that the violation was so obvious that a reasonable person necessarily would have recognized it as a violation of the law." *Howell v. Smith*, 853 F.3d 892, 897 (7th Cir. 2017) (internal quotation marks omitted). The factual circumstances and constitutional violations alleged by Plaintiff do not invoke new constitutional principles; similar cases have been litigated in district courts across the nation. See *Thomas v. Holm*, 809 F.3d 376, 380–381 (7th Cir. 2016) (A prisoner has a clearly established right not to have officials substantially burden religious exercise without justification); *Conyers*, 416 F.3d, at 586 (finding no qualified immunity where the evidence showed the defendant did not know a sign-up deadline). As such, Defendants are not entitled to qualified immunity.

<u>**Conclusion**</u>

For the foregoing reasons, the Motion for Summary Judgment is **GRANTED** as to Defendants David Mitchell and Rob Jeffreys and **DENIED** as to Defendant Chaplain Richard Arnold. Because Jackson seeks no monetary damages and requests only policy change, the matter will proceed to a bench trial, which will be scheduled by a separate order. Fed. R. Civ. P. 56(1); *Simon v. Cooperative Educ. Serv. Agency #5*, 46 F.4th 602, 609 (7th Cir. 2022) ("The Supreme Court has repeatedly found that declaratory judgments 'closely resemble' injunctive relief, the quintessential equitable remedy."); *Kramer v. Banc of Am. Sec., LLC*, 355 F.3d 961, 966 (2004) ("There is no right to a jury where the only remedies sought (or available) are equitable.").

    **IT IS SO ORDERED.**

    **DATED:  March 30, 2026**

                                           **STACI M. YANDLE**
                                           **Chief U.S. District Judge**